UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODRIGO B. DE LOS REYES and VERONICA V. DE LOS REYES,<br><br>Plaintiffs<br><br>v.<br><br>BANK OF AMERICA, N.A. and OCWEN LOAN SERVICING, LLC.,<br><br>Defendants. | Case No. 2:14-cv-00135-RFB-CWH<br><br>**ORDER** |

**I.     INTRODUCTION**

Before the Court is Defendant Bank of America's Motion for Summary Judgment. ECF No. 22. This case arises from Plaintiffs De Los Reyes' attempts to obtain a loan modification from Defendant and a consent judgment between Defendant and various state and federal actors. For the reasons stated below the Court GRANTS Defendant's Motion.

**II.    BACKGROUND**

**A. Factual Allegations**

Plaintiffs allege the following in their Complaint. ECF No. Plaintiffs reside and own the property located at 3225 Palladio Ave, N. Las Vegas, 89031. Defendant Bank of America (BOA) is the servicer of a promissory note secured by the deed of trust on the Property.

Plaintiffs have attempted to modify their mortgage for five years. Defendants have fraudulently ensured that loan modifications would not occur despite representations that such modifications would occur. Defendants have not attempted to comply with the joint state federal

settlement between BOA, the State of Nevada, and the federal government. Pursuant to this agreement, defendant would have only one point of contact, which would expedite modifications with borrowers. Plaintiffs have had a single point of contact changed no less than four times, for example, between July and December 2012.

Plaintiffs allege four causes of action: 1) Fraudulent misrepresentation; 2) Promissory estoppel; 3) Breach of contract; 4) "Preliminary/Permanent Injunction"; 5) Unjust enrichment.

### B. Procedural History

This case removed on January 27, 2014. ECF No. 1. A scheduling order was entered on April 4, 2014. ECF No. 12. Discovery closed on July 28, 2014. On August 27, 2014, Defendant BOA filed a Motion for Summary Judgment. ECF No. 22. On March 28, 2016, a hearing was held regarding Defendant's Motion. It was ordered at that hearing that Defendant Ocwen Loan Servicing, who had not been served, was dismissed from the action. ECF No. 27.

## III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." Nissan Fire

1  & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000), citing Matsushita
2  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

3  "In considering a motion for summary judgment, of course, the court decides a pure question of law and is not permitted to weigh the evidence or to judge the credibility of witnesses." Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341, 344 (9th Cir. 1978).  However, "[t]he general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.  This sham affidavit rule prevents a party who has been examined at length on deposition from rais[ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony, which would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."  Yeager v. Bowlin, 693 F.3d 1076, 1080 (9th Cir. 2012) (second alteration in original) (internal citations and quotation marks omitted).

**IV.     UNDISPUTED FACTS**

The parties do not dispute the following facts: Plaintiffs purchased the Property on March 13, 2006. Plaintiffs entered into a deed of trust ("DOT") with GreenPoint Mortgage Funding on March 13, 2006. Plaintiffs defaulted on their loan and DOT. Notice of default was recorded on May 11, 2006. Old Republic was substituted as trustee under the DOT recorded May 11, 2006, as recorded on April 9, 2009. A notice of trustee's sale was recorded on July 1, 2010, regarding the DOT recorded May 11, 2006. An additional notice of trustee's sale was recorded on August 19, 2011 regarding the same DOT. The DOT recorded on May 11, 2006 was subsequently assigned to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP on behalf of the GSAA Home Equity Trust on July 25, 2011. The DOT was assigned to US Bank National Association as Trustee for the holders of the GSAA Home Equity Trust as recorded on April 3, 2013. A notice of rescission of declaration of default and demand for sale and notice of breach and election to cause sale was recorded on January 8, 2014.

## V. DISCUSSION

### A. Fraudulent Misrepresentation

"Under Nevada law, [a plaintiff] has the burden of proving each and every element of his fraudulent misrepresentation claim by clear and convincing evidence: (1) A false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1386 (Nev. 1998). "Fraud is never presumed; it must be clearly and satisfactorily proved." Havas v. Alger, 461 P.2d 857, 860 (Nev. 1969).

Defendant argues that Plaintiffs have failed to produce any evidence that a fraud has occurred. Plaintiffs respond by stating that they "believe there has been fraud" due to the "changing of the single points of contact and the continual re applying for a loan modification." Opp'n at 3. Such an argument does not create an issue of material fact. Moreover, a belief that fraud has occurred does not establish such a claim with clear and convincing evidence. Therefore the Court GRANTS Defendant summary judgment as to the fraudulent misrepresentation claim.

### B. Promissory Estoppel

"To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped." Pink v. Busch, 100 Nev. 684, 689, 691 P.2d 456, 459 (1984) (internal citation omitted).

Defendant argues that Plaintiff has failed to establish evidence for promissory estoppel. Specifically, Defendant argues that Plaintiffs have failed to produce admissible evidence to demonstrate that a BOA employee made an enforceable promise to Plaintiffs, which such employee should reasonably expect to induce reliance, and which did in fact induce such reliance.

In response, Plaintiff does not appear to dispute that it has failed to offer evidence that Defendant promised Plaintiff a loan modification. At the March 2016 Hearing, the Plaintiffs confirmed that no evidence, including Mr. De Los Reyes's affidavit, establishes Defendant ever promised a loan modification; rather, the parties were engaged in an ongoing negotiation.

However, Plaintiff does argue that it has established at least a material fact as to whether Defendant promised to provide Plaintiff with a single point of contact. In support of this, Plaintiff offers Exhibit 3, which includes a portion of the consent judgment entered in a case in the District Court for the District Court of Columbia (US v. Bank of America), entered by BOA, the United States, and several states including Nevada. The Consent Judgment states that BOA would provide single points of contact for customers. Opp'n, Ex. 3 at p 38. The same Exhibit provides documentation that Plaintiffs were not assigned a single point of contact. At the March 2016 Hearing, Plaintiffs admit that these documents were not presented at initial disclosures and at the hearing, the parties concede that the excerpted judgment was neither authenticated nor complete.

In reply, Defendant argues that a consent judgment is not a contract to which individual borrowers such as plaintiffs are parties to, and which they can privately enforce.

"[A] well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975). However, "under Ninth Circuit precedent, *incidental* third-party beneficiaries may not enforce consent decrees, but *intended* third-party beneficiaries may." United States v. FMC Corp., 531 F.3d 813, 820 (9th Cir. 2008) (emphasis in the original). Namely, in Hooks, the Ninth Circuit held that prisoners not party to an earlier consent decree could nonetheless enforce the decree where the department of corrections does not dispute that they were intended beneficiaries. Hook v. State of Ariz., Dep't of Corr., 972 F.2d 1012, 1015 (9th Cir. 1992) ("The Department of Corrections does not dispute that the inmates in this case are intended third party beneficiaries under the 1973 consent decree. Even a cursory review of the consent decree shows that its purpose is to benefit all inmates and not just the named plaintiffs. The decree lists 'inmates' and 'residents' as the intended beneficiaries of the consent decree. Thus, the 265 inmates are intended third party

beneficiaries that have standing to enforce the rights of the inmates under the consent decree.") Nonetheless, the Circuit later stated that "[u]nlike in Hook, the government is a party to the consent decree in this case…Hook plausibly can be read to hold that, when the government is the plaintiff, third-party beneficiaries *never* have standing to enforce the consent decree." United States v. FMC Corp., 531 F.3d 813, 821 (9th Cir. 2008). If this is the case, "the [plaintiffs] cannot overcome that presumption [where] the Consent Decree contains no clear expression of a different intent." Id.

The Court finds that in the Ninth Circuit, a party that can establish it was an intended third-party beneficiary may enforce a consent judgment. See FMC Corp., 531 F.3d at 820. However, where the government is the plaintiff—which appears to be the case here, since the consent decree was entered in a case brought by the United States against BOA—third party beneficiaries *presumably* lack standing to enforce the consent decree, except for where there is an expression of a different intent. See Id. at 821.

Because the consent decree lacks any indicia of such a different intent, Plaintiffs have failed to establish they are intended beneficiaries of the consent decree that have standing to enforce the decree. Because of this, the Plaintiffs fail to establish that the Defendant intended that its conduct—in the form of the consent decree—would be acted upon, or would be acted upon such that the plaintiffs had the right to believe the promise/decree was so intended. See Pink, 691 P.2d at 459. Therefore the Court GRANTS Defendant summary judgment as to the promissory estoppel claim.

**C. Breach of contract**

"Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." May v. Anderson, 119 P.3d 1254, 1257 (Nev. 2005). Breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." Bernard v. Rockhill Dev. Co., 734 P.2d 1238, 1240 (Nev. 1987). A breach of contract claim under Nevada law requires (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. Richardson v. Jones, 1 Nev. 405, 409 (1865); Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013) (citing Richardson).

Defendant argues that Plaintiffs fail to provide admissible evidence of a contract, a breach, or damages proximately caused by such breach. In response, Plaintiffs argue that Defendants agreed to a loan modification and breached the contract by failing to provide the modification. However, Plaintiffs fail to identify what evidence demonstrates that the Defendant offered to make the loan modification.

The Court has reviewed the record and is aware of no such documentation or allegation of such, and therefore finds Plaintiff cannot establish the existence of a valid contract. At best, the declaration by Rodrigo De Los Reyes states that a representative apologized for the delay in attempting to modify the loan, but at no point states that a loan modification was offered or entered. Opp'n, Ex. 2, paras 14-15. Additionally, Plaintiffs' Ex. 3 indicates that the Plaintiffs appealed a denial of a loan modification and that this appeal was subsequently denied in a letter dated September 6, 2013. Opp'n, Ex. 3 at page 48. Therefore, the Court GRANTS Defendant's motion as to Plaintiffs' breach of contract claim. The Court does not address Defendant's additional argument regarding Plaintiffs' breach of contract claim.

**D. Preliminary/Permanent Injunction**

The Court grants dismissal of this "cause of action" and Plaintiffs concede that this claim is actually a request for relief. Therefore the Court GRANTS the Defendant's motion as to the "claim" for injunctive relief.

**E. Unjust Enrichment**

"Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." Unionamerica Mortgage & Equity Trust v. McDonald, 626 P.2d 1272, 1273 (Nev. 1981). "The essential elements of quasi contract are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." Id.

1    Defendant argues that Plaintiff's claim for unjust enrichment is speculative and is not ripe
2 for resolution. Plaintiffs allege a foreclosure on the property will unjustly enrich BOA. However,
3 no foreclosure is scheduled, and the notice of default and election to sell was rescinded. Therefore,
4 Defendant argues, Plaintiffs' theory is not yet ripe, as they cannot recover damages for an event
5 that may or may not happen in the future. See Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646,
6 662 (9th Cir. 2002) (internal quotations and citations omitted) ("As a prudential matter, we will
7 not consider a claim to be ripe for judicial resolution if it rests upon contingent future events that
8 may not occur as anticipated, or indeed may not occur at all."). Plaintiffs fail to argue in their
9 Opposition why they are entitled to survive dismissal of their unjust enrichment claim.

10   The Court does not make any findings as to whether such a claim is ripe for judicial determination because the Court finds that the Plaintiffs have failed to provide evidence establishing the three factors of unjust enrichment. Plaintiffs have failed to identify what benefit Plaintiffs conferred on the Defendant, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof. See McDonald, 626 P.2d at 1273. Therefore the Court GRANTS Defendant's motion as to the unjust enrichment claim.

## VI.    CONCLUSION

For the reasons stated above and at the hearing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. ECF No. 22.    Therefore,

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss, ECF 29 and Motion to Substitute Attorney, ECF 32 are DENIED as moot.

The Clerk of the Court is instructed to close this case.

**DATED:** July 15, 2016.

RICHARD F. BOULWARE, II
United States District Judge

- 8 -